IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

TIM BROWN, et al.,

      Plaintiffs,

v.                                      Civil Action No. 3:11MC11

TETHYS BIOSCIENCE, INC.,

      Defendant.

## MEMORANDUM OPINION

By Order dated May 9, 2011, the Honorable Henry E. Hudson referred Defendant Tethys Bioscience, Inc.'s ("Tethys") Motion to Quash or Modify Subpoena (Docket No. 1) to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiffs Tim Brown, Michael Lillie, Richard Hidalgo, Valerie Honaker, and Bonnie Weiss have filed a response (Docket No. 3), and this matter is ripe for disposition. For the reasons that follow, the Court will GRANT Tethys's Motion to Quash or Modify Subpoena.

### I. Factual and Procedural Background

This matter arises from a case pending in the United States District Court for the Southern District of West Virginia. Plaintiffs served a subpoena duces tecum issued by this Court on Stanley Blair Funk, a former Tethys executive, ordering him to produce "any and all documents [he] brought to [his] deposition taken in this case on March 24, 2011, in Richmond, Virginia." (Def.'s Mot. Quash or Modify Subpoena Ex. A.) While Tethys does not object to the production of the non-privileged documents Funk brought to his deposition, Tethys argues that two documents Funk brought to his deposition–the "October 11, 2010 E-Mail" and the "October

12, 2010 Document"–are protected by the attorney-client privilege and/or the work product doctrine. Tethys thus moves to quash the subpoena pursuant to Federal Rule of Civil Procedure 45[1] to the extent it pertains to these two documents. Tethys has produced *in camera* the October 11, 2010 E-mail and the October 12, 2010 Document for the Court's review.

Plaintiffs do not contest the privileged nature of the two documents at issue. Nonetheless, Plaintiffs assert that the documents Funk brought to his deposition were reviewed in preparation for and during his deposition to refresh his recollection and therefore are discoverable, despite their privileged nature, pursuant to Federal Rule of Evidence 612.[2] (Pls.' Resp. to Def's Mot. Quash or Modify Subpoena 2.)

## II. Analysis

"Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1)(emphasis added). Here, Tethys asserts, and Plaintiffs do not dispute, that the attorney-client privilege and the work product doctrine apply to the October 11, 2010 E-Mail and that the work product doctrine applies to the October

---

[1] Under Rule 45, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

[2] Rule 612 provides in relevant part:

> [I]f a witness uses a writing to refresh memory for the purpose of testifying, either–(1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed. R. Evid. 612.

12, 2010 Document. The Court has reviewed these two documents *in camera* and reaches the same conclusion. Plaintiffs, however, relying on Rule 612, contend that: (1) any privilege has been waived because Funk reviewed the documents while testifying at his deposition; or, (2) the Court should exercise its discretion to require production of the documents despite their privileged nature because Funk reviewed the documents before testifying. *See* Fed. R. Evid. 612.

Under Rule 612(1), a party is entitled to the production of documents actually used by a witness *while* testifying. *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 240 (D. Md. 2010). However, Rule 612(2) "leaves to the Court's discretion whether to require production of documents reviewed to refresh a witness's memory *in preparation* for testifying." *Id.* (*citing* Fed. R. Evid. 612) (emphasis added). The party who is seeking to invoke Rule 612 has the burden of showing that the documents at issue were actually used by a deponent to refresh his or her recollection while testifying or in preparation for testifying. *Nutramax Labs., Inc. v. Twin Labs. Inc.*, 183 F.R.D. 458, 472 (D. Md. 1998); *see also In re Managed Care Litig.*, 415 F. Supp. 2d 1378, 1380 (S.D. Fla. 2006); *Jos. Schlitz Brewing Co. v. Muller & Rhipps (Hawaii), Ltd.*, 85 F.R.D. 118, 120 (W.D. Mo. 1980).

Courts have developed the following three-part test to determine whether otherwise privileged documents should be produced under Rule 612 based on their use by a deponent to refresh his or her recollection prior to the deposition: "(1) a witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interest of justice, the adverse party is entitled to see the writing." *Nutramax Labs., Inc.*, 183 F.R.D. at 468; *see also Coryn Grp. II, LLC*, 265 F.R.D. at 242; *Ferry v. BJ's Wholesale Club*, No. 3:06CV226-C, 2007 WL 75375, at *3 (W.D.N.C. Jan. 8, 2007). In exercising its discretion

under Rule 612(2), courts balance the need for disclosure, in order to examine the witness fully, against the need to protect the policies underlying the asserted privilege. *Coryn Grp. II, LLC*, 265 F.R.D. at 241; *Nutramax Labs., Inc.*, 183 F.R.D. at 468. Factors to consider when making this determination include the following: (1) the witness's status; (2) the importance of the witness's testimony to the case; (3) when the events took place; (4) when the documents were reviewed; (5) the number of documents reviewed; (6) whether the witness prepared the documents reviewed; (6) what type of privilege applies to the documents; (7) whether the documents were previously disclosed; and, (8) the existence of credible concerns regarding manipulation, concealment, or destruction of evidence. *Nutramax Labs., Inc.*, 183 F.R.D. at 469-70; *see also Coryn Grp. II, LLC*, 265 F.R.D. at 244.

Here, Plaintiffs contend that Funk "brought several documents in a folder to the deposition," that he "reviewed the documents in preparation for the deposition," and that he referred to and reviewed the documents "while formulating a response to questions." (Pls.' Resp. Def.'s Mot. Quash or Modify Subpoena 2.) Because they fail to specify any conduct regarding the two documents subject to challenge here, these conclusory allegations insufficiently meet the burden under Rule 612. Rule 612 provides access "'only to those writings which may fairly be said in part to have an impact upon the testimony of the witness.'" *Coryn Grp. II, LLC*, 265 F.R.D. at 242 (*quoting Nutramax Labs., Inc.*, 183 F.R.D. at 468). Plaintiffs have failed to sufficiently demonstrate that Funk reviewed the October 11, 2010 E-Mail and the October 12, 2010 Document while testifying or in preparation for testifying. This failure renders Rule 612 inapplicable.

4

Even if the Court were to assume that Funk reviewed the October 11, 2010 E-Mail and the October 12, 2010 Document in preparation for testifying, the Court, in its discretion, would not require the production of the two documents. Considering the information contained in these two documents, the need to fully examine Funk's testimony, the policies underlying the privileges at issue, and the other factors listed above, the Court concludes that the balance weighs against requiring the production of these two documents.

### III.  Conclusion

For the foregoing reasons, Tethys's Motion to Quash or Modify Subpoena (Docket No. 1) will be GRANTED. The subpoena is quashed to the extent it seeks production of the October 11, 2010 E-mail and the October 12, 2010 Document.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 10-11-11

5